Southard J.
This is an indictment found in the borough court of Elizabeth, for selling liquor, by retail. To the indictment, the defendant demurred, judgment was rendered for the state, and this court is called upon to review and correct that judgment. The counsel for the defendant objects, both to the jurisdiction of the court, and to the sufficiency of the indictment. We will look into, each of these objections. 1. As to the jurisdiction of the court. The law creating the offence charged, (passed 12th February 1814) declares, that the offender may be indicted and convicted, “ before any court of Oyer and Terminer, or General Court of Quarter Sessions of the peace,” &c. This act was evidently intended to.give jurisdiction over the offence, to the several courts *393 of Quarter Sessions throughout the state; but it was not necessary that they should have been named or referred to. The act constituting the Quarter Sessions, Pat. 130, says that they “ shall have cognizance of all crimes and offences, which by law are or shall be of an indictable nature, and which in such county hath been done or perpetrated, or shall hereafter be done or attempted,” with certain exceptions therein particularly specified. As soon, therefore, as any act was declared an offence by law, the Quarter Sessions took cognizance of it, unless specially prohibited. This act was passed in 1794, our penal code in 1796, and various acts relative to crimes since, and the Sessions have always correctly tried indictments found under them, unless expressly forbidden. Why then should not the borough court of Elizabeth take cognizance of this offence? We are told, 1st. Because it is not called “ A General Court of Quarter Sessions of the peace.” The act in Pat. 96, passed in 1789, incorporating the borough of Elizabeth, calls it a court of “ General Sessions of the peace,” and directs it to be holden quarterly. I am not aware of any principle, however technical or nice, which is applicable *to this question, and would exclude jurisdiction on account of such a variance. If there be such a one, it will go equally to the exclusion of all courts of Quarter Sessions, for they are called “ courts of Quarter Sessions of the peace.” But 2nd. As to its being an inferior jurisdiction, and the consequences resulting therefrom. In what respects is it an inferior jurisdiction ? In the same, and no other, that all other courts of Quarter Sessions are. Its authority, powers, rights, and immunities, within the borough, are precisely the same as theirs, within the county. The law establishing it, gives it authority “to inquire of, hear, and determine all crimes there perpetrated, which to justices of the peace are incumbent or do belong or which shall thereafter belong, or be incumbent on them, or ought to be inquired into before them.” These words are entitled to the same construction as those establishing the Quarter Sessions for the counties. The moment we determine that any offence within the county comes within their jurisdiction, we must also say, that the same offence within the borough, *394 is within its jurisdiction. That course of argument which goes to shew any distinction between their authority, is much better calculated for a play of ingenuity, than for eliciting a safe conclusion from a legal subject.
The indicment is objected to, first, because it does not shew that the defendant had no license to sell from the borough of Elizabeth. Nor secondly, from what County Court of Quarter Sessions, he had not obtained his license.
1. The indictment is headed, “ New-Jersey, borough of Elizabeth, ss.” and states, that the defendant, “ late of the township of Elizabeth in the borough aforesaid, on &c.,” at &c., “in the borough aforesaid, and within the jurisdiction of this court, did sell, &c. not having first obtained a license, for that purpose, from the General Court of Quarter Sessions of the county, in the manner directed by the act, entitled ‘ An act concerning inns and taverns or from the corporate authority of the city or borough in which he resided.” This would certainly seem a sufficient averment that he had no license from the borough of Elizabeth, on the strictest principles ever applied to indictments. He is said to be “ of that boroughthe locus in quo is, for the time being, and for that purpose, the place of his residence, and he is averred to have no license from that borough. I am not certain that I exactly comprehended the distinction taken by the *counsel for the plaintiff in error, on this part of the subject. He seemed to insist, that the words used in the law and the indictment, respecting the authority to license, are “ corporate authority of the borough;” that the power to license in Elizabeth, rests in the court in which this bill was found, and that this court is not “the corporate authority” of the borough; and therefore, when the indictment alleges that he sold without license from the corporate authority of the borough, it does not charge a crime, because it might all be true, and he might have received a lawful license to sell, from the court, though not the corporate authority. The whole difficulty, if any really exists, is in the distinction set up between the court and the corporate authority ; a distinction, as to this matter, which exists only in the argument of the counsel. The seventh section of the act *395 of 1789, before referred to, gives to this court, “ the sole, only, and exclusive right and power of licensing all and ■ every inn-keeper, tavern-keeper, and retailer of strong liquor, inhabiting within the same borough.” The whole corporate power of the borough, as to licenses, is thus vested in this court. It is the sole and only corporate authority for this purpose. It is a power which can be exercised in this incorporation, by no other persons, and in no other possible form. And when the law creating this offence, requires the license to be from the “ corporate authority,” it surely does not mean, from the whole people, who are declared one body politic and corporate; nor from the great variety of officers, from the mayor to the overseers of the poor; but that it shall be obtained, in that way and mode in which the corporation can act; and from that body within it, which alone has power to grant it; and that is no other than this court. The averment of this fact, in the indictment, is in the very words of the act, which is always the safest and best way. And although it might have averred that he had no license from this court, and then have added that this court was the corporate authority for the purpose, yet this would have been an unnecessary circumlocution.
The second objection to this indictment is true in fact, but utterly unsubstantial in law. It was not necessary to say any thing about a license, from the Sessions of Essex or any other county. Every thing in it about the county of Essex and the township of Elizabeth, is mere surplusage, which does not vitiate. The defendant is not called to answer to the offence of ^selling, in the county, but in the borough ; and a hundred licenses from the county would not have justified the act of which he is accused. The limits of the borough, bound the jurisdiction of the court in which this bill was found: and its powers and inquiries can, by no possibility, be extended beyond them. But within them, it forms a perfect and complete jurisdiction, separate, distinct, and independent from that of the county. All that an indictment found there, need to do, is to bring the offence within the state and the borough. And this, the one before us, does in the most complete and ample manner. Expunge from it then, *396 every reference to the county and township, and it would ■ be not only as legal and sufficient, but more accurately drawn than it now is.
From the view which I take of this subject, it does not appear to me, necessary to consider whether all or any of the objections can now avail, or whether there should have been a plea, to the jurisdiction in the first instance. They are not available in law, no matter at what period taken. Nor is it important how we shall construe the passage read from Starkie, respecting the necessity of averring the negative ingredient, or making it matter of defence. It is here sufficiently averred.
I am of opinion that the demurrer be overruled, and judgment be given for the defendant in error.
Judgment for the defendant.